### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

| | |
|---|---|
| PAMELA DE FIGARELLI, ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> EXPERIAN INFORMATION ) <br> SOLUTIONS, INC., ) <br> ) <br>     **Defendant.** ) | Case No. 0:24-cv-60821 |

### COMPLAINT

NOW COMES the plaintiff, PAMELA DE FIGARELLI, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against EXPERIAN INFORMATION SOLUTIONS, INC, Plaintiff states as follows:

#### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

#### II. JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

#### III. PARTIES

4. PAMELA DE FIGARELLI, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Weston, County of Broward, State of Florida.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3) and 15 U.S.C. §1681a(c).

6. EXPERIAN INFORMATION SOLUTIONS, INC., (hereinafter, "Defendant"), is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the state of Illinois.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

8. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

## IV. ALLEGATIONS

9. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

10. Defendant has been reporting to third parties derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history (hereinafter, "inaccurate information").

11. The inaccurate information of which Plaintiff complains are accounts, or tradelines, named New Res-Shellpoint Mortgage.

12. Specifically, Plaintiff asserts that aforementioned loan was placed in a forbearance offered by Defendant under the CARES Act.

13. Subsequent to Plaintiff's forbearance under the CARES Act, Plaintiff was to begin repaying her loan by first making three (3) monthly payments of $1,898.20 starting in October of 2021. After three payments, she would enter her regular payment schedule.

14. Plaintiff made each of her payments as required by the furnisher, New Res-Shellpoint Mortgage, and then continued to pay her loan on time.

15. As part of the CARES Act forbearance agreement, it was agreed and understood with the furnisher, New Res-Shellpoint Mortgage, that there would be no negative credit reporting for missed payments during the forbearance period.

16. Plaintiff at all times complied and continues to comply with the repayment arrangement since the end of her forbearance period.

17. Despite the foregoing, Defendant has disseminated information that beginning in October of 2021 when Plaintiff began repaying her loan, Plaintiff was thirty (30) days late in October of 2021, sixty (60) days late in November of 2021, ninety (90) days late in December of 2021, one hundred and twenty (120) days late in January of 2022 and one hundred and fifty (150) days late in February of 2022.

18. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

19. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

20. On October 26, 2022, Plaintiff disputed the inaccurate information with Defendant by written communication to its representatives and by following Defendant's established procedure for disputing consumer credit information.

21. Furthermore, Plaintiff enclosed with her written dispute to Defendant documents and other information that either proved that the disputed information contained within her credit report was inaccurate or, at the very least, provided evidence that supported Plaintiff's contentions that the disputed information was inaccurate.

22. Within five (5) days of Plaintiff disputing the inaccurate information with Defendant, Defendant was to have notified New Res-Shellpoint Mortgage of Plaintiff's dispute and the nature of the dispute. However, Defendant failed to do so.

23. At no time did Defendant provide notice to the furnisher, New Res-Shellpoint Mortgage, of Plaintiff's dispute over the accuracy of the information being reported to Defendant.

24. Instead, on November 3, 2022, Defendant sent correspondence to Plaintiff that advised that the disputed item does not appear on her credit report.

25. Defendant's statement to Plaintiff that the disputed item does not appear on her credit report was untrue and inaccurate, as on that same date, November 3, 2022, Defendant sent Plaintiff a copy of her report along with the aforementioned correspondence and the New Res-Shellpoint Mortgage account was on the report.

26. Defendant ignored Plaintiff's dispute and continued to report the inaccurate information.

27. Notwithstanding Plaintiff's efforts, Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

28. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

29. Plaintiff's credit reports and file have been obtained from Defendant and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many

different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

30. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the forms of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

31. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

32. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

33. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

   d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

   e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

34. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully

above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### V.   JURY DEMAND

35. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PAMELA DE FIGARELLI, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Punitive damages;

   d. Plaintiff's attorneys' fees and costs; and,

   e. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**PAMELA DE FIGARELLI**

By:   s/ David M. Marco
Attorney for Plaintiff

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
7204 Kyle Court
Sarasota, Florida 34240
**Telephone**:   (312) 546-6539
**Facsimile**:   (888) 418-1277
**E-Mail**:   dmarco@smithmarco.com